**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0342-15T4

EDWARD L. DUNCAN,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted October 16, 2018 – Decided November 30, 2018

Before Judges Hoffman and Suter.

On appeal from the New Jersey Department of Corrections.

Edward L. Duncan, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Kai W. Marshall-Otto, Deputy Attorney General, on the brief).

PER CURIAM

Edward L. Duncan, an inmate at Northern State Prison (NSP) filed a property claim for lost, damaged or destroyed personal property. He appeals a final decision of the Department of Corrections (DOC) that deemed his property claim resolved by its reimbursement to him of $16.28 for a table fan. For reasons that follow, we affirm.

Duncan was an inmate at Bayside State Prison (Bayside). He was transferred to NSP in January 2014. He claimed items of his personal property were lost or stolen during the transfer. Duncan filed an undated inmate claim for lost, damaged or destroyed personal property. In section four of the form, he claimed the loss of a beard trimmer, an AM/FM Walkman with Sony ear buds and a fan.[1] Although not listed as a missing item in section four, the form said in section five, "Food Cosmetics (receipt forthcoming)." Duncan referenced a "Bayside Inventory Sheet." He claimed that "most property, save Walkman" was locked in his locker. Duncan alleged the prison used "inmate runners," which constituted an "inappropriate inventory process." The claim form identified Duncan's cellmate as a person who "will explain."

---

[1] Duncan's appendix on appeal includes a handwritten sheet titled "Section #4 Continued" that is not included in DOC's appendix. Duncan's addition lists food and personal health care items, with an indicated total cost of $159.84.

A-0342-15T4

Duncan's claim was reviewed and recommended for denial because "[t]he inventory sheet completed and signed by the officer state[d] that no beard trimmer, [W]alkman or fan" was in Duncan's possession during inventory. Duncan's witness, Stan Stanley, another inmate at Bayside, was questioned about the allegation that inventory policies were being violated, but he "confirmed via oral and written statement that he ha[d] not witnessed these violations." Stanley's statement said he had "no knowledge of any inmate packing up another inmate['s] property. In my current unit or any other unit I live in." The claims investigator recommended denial of Duncan's claim because the "[i]nvestigation revealed no negligence on the part of Bayside."

Duncan's claim was denied on March 19, 2014, and he appealed the denial. See Duncan v. Department of Corrections, A-4053-13. On December 12, 2014, we granted DOC's motion to remand the case. Duncan filed an inmate grievance on January 20, 2015, seeking compensation in the amount of $159.84. DOC staff recommended reimbursing Duncan for the fan because, in fact, it was listed on the inmate inventory sheet that Duncan signed upon his transfer from Bayside to NSP. Duncan's claim was resolved by refunding $16.28 for the fan. His claim was denied for the other items because they were not shown on the inventory sheet.

A-0342-15T4

In this appeal, Duncan argues DOC's final decision should be reversed because the prison staff failed to comply with applicable regulations. He seeks compensation for his property. Duncan asks to reverse DOC's denial because its investigation was "not [im]partial" and because his witness was threatened and intimidated by the staff. There is no merit to his arguments.

Review of an administrative agency's final decision is limited. Kadonsky v. Lee, 452 N.J. Super. 198, 201-02 (App. Div. 2017). "We will not reverse an agency's judgment unless we find the decision to be 'arbitrary, capricious, or unreasonable, or not supported by substantial credible evidence in the record as a whole.'" Id. at 202 (quoting In re Stallworth, 208 N.J. 182, 194 (2011)). We are not, however, bound by the "agency's 'interpretation of a statute or its determination of a strictly legal issue.'" Ibid. (quoting Mayflower Secs. Co. v. Bureau of Secs., 64 N.J. 85, 93 (1973)).

Prior to September 4, 2018, N.J.A.C. 10A:2–6.1(a) provided that an inmate must file a claim for lost, damaged or destroyed property by submitting Form 943-I. Following submission:

> (b) The Administrator or designee shall submit Form 943-I to the Director of Custody Operations or designee for investigation and preparation of a report. The investigation conducted by the Director of Custody Operations or designee shall consist of, but not be limited to:

1. Obtaining statements from the inmate, witnesses and correctional facility staff; and

2. Verifying that the inmate was authorized to have and did in fact, possess the personal property named in the claim.

3. Verification of possession of lost, damaged or destroyed personal property may be made by review of applicable documentation . . . maintained by the facility….

[N.J.A.C. 10A:2-6.1(b).][2]

The regulation also sets forth factors to be considered in recommending or disapproving a claim. See N.J.A.C. 10A:2-6.2. These include in part, whether there was neglect by the facility, whether the inmate submitted sufficient information about the items claimed and whether the claim was timely. Ibid.

We are satisfied DOC complied with the obligations imposed upon it by these regulations. The record shows an investigation was conducted of Duncan's claim. His listed witness was interviewed and provided a statement. On remand, the inmate inventory sheet was reexamined. This is the sheet to be used "to itemize all personal property in the inmate's possession upon admission, while incarcerated and upon transfer." N.J.A.C. 10A:1-11.6(a). Duncan signed that

---

[2] We cite to the regulation as it appeared when Duncan filed his claim. This regulation was amended effective September 4, 2018. See 50 N.J.R. 1964(a) (Sept. 4, 2018).

A-0342-15T4

form. The fan was listed among the items inventoried and he was reimbursed for the fan.

Although Duncan complains he was not interviewed, he submitted an undated "statement of occurrence" and an affidavit setting forth his arguments for DOC's consideration. In addition, verification of lost property "may be made by review of applicable documentation." N.J.A.C. 10A:2-6.1(b)(3). Duncan complains that "house flunkies" (inmates) were used in the inventory process, but his allegation was not supported by the witness he listed. Duncan claims that witness was intimidated, but this is based on his submission of unauthenticated letters. He criticized the inmate inventory sheet because it states "not inventoried in the housing unit," but he does not dispute he signed the inventory regardless of this notation. It is not required that the inventory be conducted in the presence of the inmate although the regulation indicates it should be "if possible." N.J.A.C. 10A:1-11.6(b).

This case is distinguishable from Barnes v. Sherrer, 401 N.J. Super. 172 (App. Div. 2008), cited by Duncan. In that case, there was no record that DOC had undertaken any investigation of the inmate's claim for lost or destroyed property. Id. at 179. There, we remanded with instructions that the agency comply with N.J.A.C. 10A:2-6.1. Id. at 180.

In this case, DOC conducted the investigation required by administrative regulations. We are satisfied there was substantial compliance with DOC's regulations. We discern no basis to conclude that DOC's decision was arbitrary, capricious or unsupported by credible evidence. Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0342-15T4